BREARCLIFFE, Judge, specially concurring:
¶33 I concur fully in the result and the entirety of the majority opinion but for its *1210 discussion in ¶¶ 18-19-and summary reflecting it at ¶ 25-with regard to "harmonizing" the FASTAR rule changes with A.R.S. § 12-133 and Scheehle v. Justices of the Supreme Court of Arizona , 211 Ariz. 282, 120 P.3d 1092 (2005). I see no need for harmonization because § 12-133 does not conflict with the FASTAR rule changes and Scheehle is therefore not a barrier to them.
¶34 In Scheehle , our supreme court acknowledged that in § 12-133, as amended since 1986, the legislature used language that "require[d], as opposed to merely authorize[d], each superior court to adopt a mandatory arbitration program." 211 Ariz. 282, ¶¶ 6, 20, 120 P.3d 1092. Duff asserts that the mandatory nature of the current statute bars the supreme court from enacting rules to diminish or eliminate the "right" to arbitration by any procedural rule. In Scheehle , however, the supreme court stated that its procedural rules "are valid even if they are not completely cohesive with related legislation, so long as they are an appropriate exercise of the court's constitutional authority." Id . ¶ 24. And "[a]lthough the legislature may, by statute, regulate the practice of law, such regulation cannot be inconsistent with the mandates" of the supreme court. Id . Duff's reading of § 12-133, and the majority's opinion necessarily, implies a "floor"-or minimum qualifying dollar limit to mandatory arbitration-that does not exist.
¶35 That is, Duff would have us not only read the statute to say that a superior court cannot require arbitration of cases with a value greater than $65,000, but also read into it that it must set a minimum value above which any case must be arbitrated. And that it must set each end of the range to ensure that some cases are subject to mandatory arbitration. Whether the legislature did not intend to put such express language in the statute originally, or simply has not felt the need to do so since, is immaterial; no such restriction on the supreme court's authority to approve a monetary cap like that in the FASTAR rule is in the statute. And, in any event, for the reasons discussed more fully in the majority opinion at ¶¶ 21-23, any such limit might run afoul of the separation of powers.
¶36 The respondent judge correctly argues in his briefing that "nothing in the statute's plain language established a minimum amount" for cases subject to compulsory arbitration and that we ought not read one into it. And, as Scheehle itself recognized, we ought to be "reluctant to imply a statutory limitation that would create a conflict in the constitutional prerogatives of separate branches of Arizona government." Id . ¶ 25. The majority opinion does more than needed by reading a conflict with the FASTAR rules into § 12-133 by way of Scheehle that must then, in turn, be resolved. There simply is no conflict. Otherwise, I concur in the result and reasoning in full.